UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT CRAIG MACLEOD,

      Plaintiff,

v.                                          Case No. 3:14-cv-806-J-32JBT

GOVERNOR RICK SCOTT et al.,

      Defendants.

_____

## O R D E R

This case is before the Court on pro se plaintiff's Complaint (Doc. 1), Motion for Leave to Proceed In Forma Pauperis and Affidavit of Indigency (Docs. 2, 3), Motion for Permission to File Electronically (Doc. 6), Motion for Appointment of Counsel (Doc. 7), and a Motion requesting the undersigned be recused (Doc. 8).   Macleod has filed suit under 42 U.S.C. § 1983 seeking to have this federal court compel certain state officers to protect his rights to a fair trial, including a trial by jury, in state court in a matter he filed against the City of Flagler Beach and Flagler County related to an alleged false arrest, imprisonment, and seizure of personal property.

### I.    MOTION TO RECUSE

Macleod seeks to have the undersigned recuse himself pursuant to 28 U.S.C. § 455(a).   A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   §455(a).   The standard under § 455 "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."   United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (quotation and citation omitted).

"A charge of partiality must be supported by some factual basis . . . .   Recusal cannot be

based on unsupported, irrational or highly tenuous speculation." United States v. Cerceda, 188 F.3d 1291, 1293 (11th Cir. 1999) (quotation and citation omitted).  Thus, "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation. [Otherwise], the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986).  "Ordinarily, a judge's rulings in the same or a related case may not serve as the basis for a recusal motion.  The judge's bias must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990) (citation omitted).  "An exception to this general rule occurs when the movant demonstrates 'pervasive bias and prejudice.'" Id. (citation omitted).

Macleod contends that this Court's Order of dismissal in a separate case (Case No. 3:14-cv-753-J-32JBT, Doc. 10) showed a lack of understanding of the law, and included fabricated facts. Macleod summarily asserts that the same Order had a "rabid emotional nature," thus leading one to question the impartiality of the undersigned.  (Doc. 8 at 4).  Macleod has failed to allege a bias that is personal and extrajudicial, and an objective, disinterested, lay observer would not entertain a significant doubt about the undersigned's impartiality.   The motion to recuse is therefore denied.

## II.      MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon a finding of indigency, the Court may authorize the commencement of an action without the prepayment of costs, fees, or security.  28 U.S.C. § 1915(a)(1).  However, even when a party is indigent, the Court should not permit the case to go forward if it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B).  A claim is not stated where there is no federal jurisdiction.  Cogdell v. Wyeth, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

As previously explained to Macleod in a number of Orders, the Court has no jurisdiction to interfere with his state court proceedings whether pending or closed under the <u>Younger</u> and/or <u>Rooker-Feldman</u> abstention doctrines.   <u>See</u> <u>Macleod v. Florida</u>, Case No. 3:13-cv-606-J-34JBT, Orders denying plaintiff's motions, Docs. 5, 10, 20, 22, 29, 34, 44, 47, 50; <u>Macleod v. Scott</u>, Case No. 3:14-cv-753-J-32JBT, Order denying plaintiff's motions, Doc. 10; <u>Macleod v. Scott</u>, Case No. 3:14-cv-830-J-32JBT, Docs. 13, 15, 18, 20.   While Macleod seeks to have the Court compel certain state officers to enforce plaintiff's rights to a fair trial in state court, including a trial by jury (Doc. 1 at 1), this Court cannot interfere with pending "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."   <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 134 S. Ct. 584, 591 (2013) (citation omitted).   Furthermore, under the <u>Rooker-Feldman</u> abstention doctrine, this Court lacks jurisdiction to review orders once the case concludes.[1]   "The <u>Rooker-Feldman</u> doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."   <u>Casale v. Tillman</u>, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983)).

Because there is no federal jurisdiction, Macleod's complaint is due to be dismissed. Accordingly, it is hereby

**ORDERED:**

1.    Macleod's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) is **DENIED**; Macleod's Motion to Recuse (Doc. 8) is **DENIED**; all other Motions (Docs. 6 and 7) are **MOOT**.

---

[1] It is not entirely clear whether the state matters have concluded, as Macleod did not include any dates in his verified complaint.  If the matter is ongoing, the <u>Younger</u> abstention doctrine would apply.   If the state matter has concluded, the <u>Rooker-Feldman</u> doctrine controls.

2.      This case is **dismissed** for lack of subject matter jurisdiction.   The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of September, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

cg.
Copies to:

Pro se plaintiff